IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 14-CR-0170-004-CVE |
| v. ) | |
| ) | |
| WILLIAM BENTON WILLIAMS, JR., ) | USM Number: 13407-062 |
| a/k/a "Will," ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before the Court is defendant's motion for reduction of sentence (Dkt. # 439). Defendant requests that the Court deduct time spent in pretrial detention on the instant case from his federal sentence. He asserts that he should be given credit from December 23, 2014, the date defendant was received into federal custody on the instant case, to his sentencing date on February 23, 2016.

On March 1, 2014, defendant was arrested on unrelated state charges in Jasper County District Court, Carthage, Missouri, Case No. 14-CR-229. He subsequently plead guilty to unlawful possession of a firearm and was sentenced on August 22, 2014, to fifteen years in the Missouri Department of Corrections (MDC). On November 4, 2014, defendant was charged by indictment in the instant federal case and was received into federal custody pursuant to a writ of habeas corpus ad prosequendum on December 23, 2014. The indictment charged the defendant in two counts: count one - conspiracy to participate in a racketeering enterprise, in violation of 18 U.S.C. §§ 1962(d) and 1963; and count two - conspiracy to possess with intent to distribute and to distribute methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(viii). Defendant plead guilty on June 1, 2015, and was sentenced on February 23, 2016, to sixty-three months in the custody of

the Bureau of Prisons (BOP) as to each count. Both counts were ordered to be served concurrently, each with the other, and concurrently with the undischarged term of imprisonment in Jasper County District Court Case No. Case 14-CR-229. After sentencing, defendant was returned to the custody of the MDC and was paroled to the federal detainer on May 31, 2016.

It is settled law that "[a] district court has no authority to compute or award sentencing credit at sentencing; rather, it is the Attorney General, through the Bureau of Prisons, which has the power to grant sentencing credit in the first instance." United States v. Mata, 145 Fed. Appx. 276, 280 (10th Cir. 2005) (citing United States v. Wilson, 503 U.S. 329, 334 (1992); United States v. Jenkins, 38 F.3d 1143, 1144 (10th Cir. 1994); see also United States v. Brown, 212 Fed. Appx. 747 (10th Cir. 2007) ("[a] sentencing court is without jurisdiction to award credit under § 3585(b) for time served in prior custody at sentencing."). See also United States v. Markham, No. 07-CR-044-001-TCK, 2015 WL 5244335, (N.D. Oklahoma. Sept. 8, 2015).

The issue here is a misunderstanding of when concurrent sentences commence. Review of the record reflects that the BOP has properly calculated defendant's imprisonment terms. On August 22, 2014, defendant was sentenced to a custody term of fifteen years in Jasper County District Court Case No. 14-CR-229. A year and a half later, on February 23, 2016, defendant was sentenced in the instant case to concurrent imprisonment terms which were also ordered to run concurrently with Case No. 14-CR-229. A sentence commences on the date defendant is received in custody to begin service of his sentence. 18 U.S.C. § 3585(a). Further, a sentence of imprisonment "cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served." United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980). The time defendant spent in pretrial detention, from December 23, 2014, to February 23, 2016, was credited to the state sentence

(Case No. 14-CR-229); therefore, it cannot also be credited toward the federal sentence. Title 18 U.S.C. § 3585(b) does not permit credit on a federal sentence for time served and credited against another sentence. See United States v. Labeille-Soto, 163 F.3d 93, 99 (2d Cir. 1998) (noting that a defendant has no right to credit on his federal sentence for time that has been credited against his prior state sentence); United States v. Kramer, 12 F.3d 130, 132 (8th Cir. 1993) (holding that the BOP "properly decided not to award [the petitioner] credit for the time served, as it would have contravened the proscription in § 3585(b) against double crediting"; the court explained that "[t]he record shows that [the petitioner] received credit toward his state sentence for that same time period"). The defendant's credit on the instant federal sentence, as properly calculated by the BOP, began on the date of sentence, February 23, 2016. See also Demartino v. Thompson, 116 F.3d 1489 (10th Cir. 1997) (unpublished table decision).

This Court has no authority to compute or award sentencing credit at sentencing or later order application of jail credits toward a sentence. Accordingly, defendant's request for reduction of sentence by awarding jail time credits is dismissed for lack of jurisdiction.

**IT IS THEREFORE ORDERED** that defendant's motion for reduction of sentence (Dkt. # 439) is **dismissed for lack of jurisdiction**.

**IT IS SO ORDERED** this 30th day of September, 2016.

*[signature]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

3